# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN A. CUTONILLI, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-629 |
| STATE OF MARYLAND, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On March 9, 2017, Plaintiff John Cutonilli ("Plaintiff") filed a *pro se* Motion for Leave to File Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("Motion to Amend"). (ECF No. 19.) The State of Maryland filed a response brief objecting in part to Plaintiff's proposed amendments. (ECF No. 20.) Plaintiff has not replied to the State's response brief within the fourteen-day window allotted by Local Rule 105.2(a) (D. Md. 2016).

The Court has carefully reviewed Plaintiff's proposed amendments and has determined that no hearing is necessary to resolve this matter, *see* Local Rule 105.6 (D. Md. 2016). In spite of the State's partial acquiescence in Plaintiff's motion, the Court concludes that the proposed amendments would be futile. Accordingly, Plaintiff's Motion to Amend will be DENIED. Further, because any set of pleadings consistent with Plaintiff's basic theory of the case would seem to be foreclosed by Circuit precedent, Plaintiff shall have fourteen days from the date of this Memorandum and Order to SHOW CAUSE why this action should not be dismissed with prejudice.

## I. Procedural Overview

A brief review of the procedural history of this case is in order. Plaintiff initially filed suit on March 6, 2015, challenging Maryland's Firearm Safety Act of 2013, Md. Code Ann., Crim. Law §§ 4–301 to –306 ("FSA"), on federal and state constitutional grounds. (ECF No. 1.) Plaintiff speculated that, as a "member" of the unorganized militia, he might be called upon to serve at the pleasure of the Governor of Maryland or the President of the United States, and he wished to purchase assault weapons and large-capacity magazines to arm himself for this hypothetical service. These weapons of war are restricted under the FSA. Plaintiff challenged the statute under the Second Amendment (Counts I–II), the Maryland Constitution's Declaration of Rights (Count III), and the Equal Protection Clause of the Fourteenth Amendment (Count IV). The State moved to dismiss. (ECF No. 5.)

In a Memorandum and accompanying Order dated September 28, 2015, the Court granted the State's motion in part and denied the motion without prejudice in part. *Cutonilli v. Maryland*, Civ. No. JKB-15-629, 2015 WL 5719572 (D. Md. Sept. 28, 2015). The Court dismissed Counts III (Maryland Constitution) and IV (Equal Protection) of Plaintiff's complaint for failure to state a claim for relief. *Id.* at *5–6. The Court declined to dismiss Counts I–II (Second Amendment), but it narrowed the scope of those counts considerably. As the Court explained, following *District of Columbia v. Heller*, 554 U.S. 570 (2008), it is settled that the Second Amendment fundamentally protects an individual right to self-defense: the prefatory clause, which references the militia, merely "announces the purpose for which the right was codified" but not the "central component of the right itself." *Id.* at 599 (emphasis omitted). Bound by *Heller*, this Court held that "Plaintiff's effort to carve out a discrete militia interest is unavailing." *Cutonilli*, 2015 WL 5719572, at *3.

The Court also observed that Plaintiff's Second Amendment claim was remarkably similar to a claim in a case then recently decided by Chief Judge Blake of this District, *Kolbe v. O'Malley*, 42 F. Supp. 3d 768 (D. Md. 2014). *Kolbe* was then pending on appeal before the United States Court of Appeals for the Fourth Circuit, and the Court deemed it prudent to stay this action until a final decision was reached in that matter. A stay accordingly entered.

Plaintiff sought review of the Court's ruling, but the Fourth Circuit dismissed his appeal for lack of appellate jurisdiction. *See Cutonilli v. Maryland*, 633 F. App'x 839 (4th Cir. 2016) (per curiam). Around the same time, a panel of the Fourth Circuit vacated in part Chief Judge Blake's decision in *Kolbe*, *see Kolbe v. Hogan*, 813 F.3d 160 (4th Cir. 2016), but that panel decision was subsequently vacated on the State's petition for rehearing. The court of appeals, sitting *en banc*, ultimately affirmed Chief Judge Blake's decision, *see Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017). Shortly after the *en banc* opinion in *Kolbe* issued, Plaintiff filed his Motion to Amend.

That motion is ripe for decision.

## II. Analysis

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading at any time with leave of court. The rule contemplates that leave should be freely granted when justice requires. There are exceptions, however, to this liberal standard for amendments. One such exception applies where an amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). An amendment is futile if it could not survive a motion to dismiss for failure to state a claim. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Here, Plaintiff has submitted a proposed amended complaint that essentially tracks the allegations of his original complaint. He again has pleaded counts for violation of the Maryland Constitution (Count III) and the Equal Protection Clause (Count IV), and while he has added some descriptive language to these counts, he has not shown that the Court's prior dismissal of these counts was in error. That dismissal—barring reversal by the Fourth Circuit—is the law of the case. The proposed amendments to Counts III and IV are futile.

Plaintiff also has retained much of the language from his original complaint concerning his hypothetical role in the unorganized militia. As the Court explained in its prior Memorandum, *Heller* makes clear that the Second Amendment does not enshrine a discrete militia interest separate from the core right to self-defense. *See Cutonilli*, 2015 WL 5719572, at *3; *see also United States v. Smoot*, 690 F.3d 215, 220 (4th Cir. 2012) ("In [*Heller*], the Supreme Court identified an individual right to keep and bear arms embodied in the Second Amendment, without any connection to militia service."). To whatever extent Plaintiff intends to prosecute a Second Amendment challenge to the FSA on the basis of his militia membership, this Court has already rejected that theory as barred by controlling precedent, and Plaintiff has not shown that this Court's prior ruling was erroneous.

Once Counts III–IV and the language concerning militia membership are stripped from the proposed amended complaint, Plaintiff is left with basically the same Second Amendment challenge that the Court stayed in September 2015. However, a change in controlling law has occurred during the intervening period: namely, the Fourth Circuit decided *Kolbe*. In *Kolbe*, the Court of Appeals held unequivocally that the "assault weapons and large-capacity magazines" restricted by the FSA "are *not* protected by the Second Amendment." 849 F.3d at 121 (emphasis in original). The *en banc* court ruled in the alternative that the FSA would be subject to (and

would readily survive) intermediate scrutiny rather than the strict scrutiny that the three-judge panel had imposed, *see id.* at 130—but while intermediate scrutiny involves fact-sensitive balancing, the court's principal holding was a pure decision of law. If the weapons Plaintiff wishes to purchase for his hypothetical militia duties are categorically excluded from Second Amendment protection—and the Fourth Circuit has told us in no uncertain terms that they are—this Court cannot conceive of a scenario in which Plaintiff could state a claim for relief. Put simply, the decision in *Kolbe* has preempted Plaintiff's Second Amendment claims, and his proposed amendments would be futile.[1]

For that reason, the Court would be inclined to dismiss Plaintiff's case and bring this matter to a close. However, the State has not filed a motion to dismiss: in fact, the State partially acquiesced in Plaintiff's proposed amendments, albeit grudgingly. The Court is empowered to dismiss a case *sua sponte* where the plaintiff has clearly failed to state a claim for relief. "Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties. Since the motion to dismiss . . . raises only an issue of law, the court has no discretion as to whether to dismiss a complaint that it determines is formally or substantively insufficient." 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1357 (3d ed.) (footnotes omitted); *see also Sheehan v. Saoud*, 650 F. App'x 143, 152–53 (4th Cir. 2016) (collecting cases); *Rollins v. Rollins Trucking, LLC*, Civ. No. JKB-15-3312, 2016 WL 81510, at *6 (D. Md. Jan. 7, 2016); *Wallace v. Trost*, Civ. No. DKC 13-3473, 2014 WL 4388389, at *5 (D. Md. Sept. 4, 2014); *cf. United Auto Workers, Local # 5285 v. Gaston Festivals, Inc.*, 43 F.3d 902, 905–06, 911 (4th Cir. 1995) (affirming *sua sponte*

---

[1] Plaintiff devotes portions of his proposed amended complaint to attacking the Fourth Circuit's analysis in *Kolbe*. This Court would be powerless to overrule or cabin a decision of the Fourth Circuit even if it shared Plaintiff's concerns, which it does not.

dismissal under Rule 12(b)(6)). However, the Court must ordinarily give the plaintiff advance notice and an opportunity to be heard. Accordingly, the Court will grant Plaintiff fourteen days from the date of this Memorandum and Order to show cause why his case should not be dismissed with prejudice.

**ORDER**

For the reasons stated herein, it is ORDERED:

1. The stay previously entered in this case on September 28, 2015, is LIFTED;

2. Plaintiff's Motion to Amend (ECF No. 19) is DENIED; and

3. On or before Thursday, April 27, 2017, Plaintiff shall SHOW CAUSE in writing why his case should not be dismissed for failure to state a claim for relief. The State may file a simultaneous brief if it so wishes. Upon receipt of Plaintiff's submission (and the State's submission, if any), the Court will take whatever action it deems appropriate, potentially including dismissal of this action with prejudice. Should Plaintiff fail to file a timely response to this show cause order, the Court will dismiss the action with prejudice.

4. The Clerk is DIRECTED to MAIL a copy of this Memorandum and Order to Plaintiff's last known address.

DATED this 13th day of April, 2017.

BY THE COURT:

/s/
James K. Bredar
United States District Judge